# AMENDED VIOLATION REPORT



**Defendant:**          Ric  Meczywor

**Docket #:**           5:16CR40076 - 002

**District:**           Kansas

**Prepared for:**       Honorable Daniel D. Crabtree
                        U.S. District Judge

**Prepared by:**        Valerie L. Allen
                        U.S. Probation Officer

**Attorney for Government:**          **Attorney for Defendant:**
Christine E. Kenney                   John W. Kerns
290 US Courthouse                     1201 Wakarusa Dr. Suite E, #224
444 SE Quincy                         Lawrence, KS 66049
Topeka KS  66683-3592                 785-856-2228
785-295-2854                          johnkernslaw@gmail.com
christine.kenney@usdoj.gov

## CASE BACKGROUND:

1.  Ric Meczywor  appeared before the Honorable Daniel D. Crabtree, U.S. District Judge, on February 6, 2017, having entered a plea of guilty to Count 1 of the Indictment Case No.: 5:16CR40076-002, which charged him with Conspiracy to Commit Embezzlement Against the United States, a Class D Felony in violation of 18 U.S.C. § 641 and 371.  He was sentenced to time served followed by a two-year term of supervised release.  The term of supervised release began on February 6, 2017.

2.  On April 24, 2018, Mr. Meczywor appeared before Honorable Daniel D. Crabtree, U.S. District Judge on a Final Revocation of Supervised Release. Mr. Meczywor was found in violation of his supervised release by Using and Possessing Drugs, Failing to Report to the Residential Re-Entry Center, Failing to Report to the Probation Officer and Failing to gain Employment. Mr. Meczywor's whereabouts were unknown at the time. Mr. Meczywor's supervised release was revoked. He was sentenced to time served followed by a two-year term of supervised release. The term of supervised release began on April 24, 2018.

3.  On June 13, 2018, an initial Post Conviction Risk Assessment (PCRA) was completed. This statistical risk assessment tool provides the U.S. Probation office information on dynamic risk factors related to the offender recidivating.

Date Report Prepared:  08/08/2018          Date Report Revised:  10/22/2018

Ric  Meczywor
Violation Report

4.      The instrument categorized the offender being a Moderate risk offender to reoffend.  In this category 47% of offender's have their supervision revoked and 30% are rearrested within 190 days from their initial assessment.  If appropriate risk factors are effectively addressed, these failure rates decline in subsequent time periods.

5.      Mr. Meczywor was residing with his sister and her husband, Alena and Shawn Rugg in Concordia, KS upon his release. Mr. Meczywor reported on several occasions once he obtained his ID Mr. Rugg would be assisting him in gaining employment where he worked at Raincoat in Deshler, NE. On June 19, 2018, Mr. Meczywor reported he would be obtaining his ID and begin employment on June 25, 2018. Mr. Meczywor never obtained employment.

6.      On May 16, 2018, the defendant admitted to taking a Lortab which he did not have a prescription for on or about May 15, 2018, and signed an Admission of Usage form. This officer discussed with Mr. Meczywor about his use and who he is associating with. Mr. Meczywor reported being open and honest with his sister about his use as well. He was encouraged to look into treatment services. On June 7, 2018, Mr. Meczywor reported he was doing well with his sobriety and did not feel he needed treatment. He reported he had been attending NA meetings. On June 19, 2018, Mr. Meczywor showed this officer his NA meeting card to verify his attendance.

7.      On July 24, 2018, this officer spoke with Mr. Meczywor's sister, Alena Rugg. She informed this officer she and her husband moved to Nebraska approximately a week prior and Mr. Meczywor no longer resided with them. She did not know Mr. Meczywor's whereabouts. She provided an address to his grandmother's in Belleville, KS, where he might reside. On July 25, 2018, this officer attempted a home contact at Mr. Meczywor's last reported address and his grandmother's residence. There was no answer at either residence. Due to Mr. Meczywor not having a phone, this officer had no means to contact him.  Mr. Meczywor did not provide at least 10 days prior notice to this officer of a change in residence, nor did he have prior authorization to move. This officer also spoke with his State Parole Officer, Dan Raby who advised Mr. Meczywor missed his appointment with him on and he has not been able to make any contact with Mr. Meczywor.

8.      On July 31, 2018, this officer received a call from Mr. Meczywor, he was directed to report to the U.S. Probation Office in Topeka on August 1, 2018. Mr. Meczywor failed to report as directed.

9.      On August 9, 2018, Mr. Meczywor appeared before the Court on an initial appearance to revoke supervised release. Mr. Meczywor waived his preliminary and detention hearing. On August 13, 2018, Mr. Meczywor appeared before the Court for a final revocation hearing, Mr. Meczywor agreed to modify the conditions of his supervised release to be placed at the Residential Re-Entry Center (RRC). The court ordered for Mr. Meczywor to remain detained until he was approved for placement at the RRC. The final revocation hearing was continued until November 13, 2018. [1]

10.     On September 4, 2018, Mr. Meczywor was placed at Mirror, RRC in Topeka, KS.

---

[1] New background information reflected in paragraphs #9-13 not included in the original violation report.

Ric  Meczywor
Violation Report

11.     On October 3, 2018, the defendant submitted a urine sample which was confirmed positive, by the lab utilized by the Residential Re-Entry Center (RRC), for Opiates, specifically morphine. The defendant denied any usage.

12.     On October 8, 2018, Mr. Meczywor quit his employment and is currently unemployed.

13.     On October 18, 2018, Mr. Meczywor left the RRC without prior approval. He cut off his GPS device, which was found in a trash can outside the Dollar General store. Mr. Meczywor has been discharged from the RRC. As a part of the RRC's policies and procedures, Mr. Meczywor was on GPS monitoring due to his history of absconding and for accountability measures with the RRC.

**VIOLATIONS:**

|  |  |
|---|---|
| **Violation** | **Grade** |

14.     **Mandatory Condition #2:  You must not unlawfully possess a controlled substance.**                                                                                    **B**

The defendant possessed Lortab which he did not have a prescription for in Republic County, Kansas, a felony punishable by a term of imprisonment exceeding one year, as evidenced by the admission of usage of this substance on May 16, 2018 in violation of K.S.A. 21-5701 and 21-5706.

The defendant possessed an opiate which he did not have a prescription for in Shawnee County, Kansas, a felony punishable by a term of imprisonment exceeding one year, as evidenced by the admission of usage of this substance on October 3, 2018 in violation of K.S.A. 21-5701 and 21-5706.[2]

15.     **Mandatory Condition #3:  You must refrain from any unlawful use of a controlled substance.**                                                                          **C**

On May 16, 2018, the defendant admitted to taking a Lortab which he did not have a prescription for on or about May 15, 2018, and signed an Admission of Usage form.

On October 3, 2018, the defendant submitted a urine sample which was confirmed positive, by the lab utilized by the Residential Re-Entry Center (RRC), for Opiates, specifically morphine. The defendant denied any usage. [3]

For the purposes of applying the provisions of 18 U.S.C. §§ 3565(b)(4) or 3583(g)(4) (mandatory revocation for submitting more than three (3) positive drug tests in a 12 month period), the defendant has submitted one (1) positive qualifying sample(s). If the Court finds that the positive drug test(s) constitutes possession of a controlled substance the Court is required to revoke supervision and impose a sentence that includes a term of imprisonment. 18 U.S.C. §§ 3565(b), 3583(g).  The Court shall also consider whether the availability of appropriate substance abuse programs, or the offender's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment

---

[2] New alleged violation not contained in the original violation report.
[3] New alleged violation not contained in the original violation report.

under 18 U.S.C. §§ 3565(b), 3583(g).  18 U.S.C. §§ 3563(a), 3583(d).  U.S. v
Hammonds, 370 F.3d 1032 (10th Cir. 2004).

16.   **Standard Condition #5: You must live at a place approved by the probation
      officer. If you plan to change where you live or anything about your living
      arrangements (such as the people you live with), you must notify the probation
      officer at least 10 days before the change. If notifying the probation officer in
      advance is not possible due to unanticipated circumstances, you must notify
      the probation officer within 72 hours of becoming aware of a change or
      expected change.**                                                              C

      On July 24, 2018, this officer spoke with Mr. Meczywor's sister, Alena Rugg. She
      informed this officer she and her husband moved to Nebraska approximately a
      week prior and Mr. Meczywor no longer resides with them. She did not know Mr.
      Meczywor's whereabouts. She provided an address to his Grandmother's in
      Belleville, KS, where he might reside. On July 25, 2018, this officer attempted a
      home contact at Mr. Meczywor's last reported address and his Grandmother's
      residence. There was no answer at either residence. Due to Mr. Meczywor not
      having a phone, this officer has no means to contact him.   Mr. Meczywor did not
      provide at least 10 days prior notice to this officer of a change in residence, nor did
      he have prior authorization to move.

17.   **Special Condition #7: You must reside in the Residential Re-entry Center, in
      the community corrections component allowing for work release, for up to 120
      days, at the direction of the U.S. Probation Officer, and with the approval of
      the Court. You must comply with the policies and the procedures of the
      Residential Re-Entry Center program.[4]**                                       C

      As a part of the RRC's policies and procedures, Mr. Meczywor was on GPS
      monitoring due to his history of absconding and for accountability measures with
      the RRC. On October 18, 2018, Mr. Meczywor left the RRC without prior
      approval. He cut off his GPS device and his current whereabouts are unknown.
      Mr. Meczywor has been discharged from the RRC.

18.   **Standard Condition #7: You must work full time (at least 30 hours per week)
      at a lawful type of employment, unless the probation officer excuses you from
      doing so. If you do not have full-time employment you must try to find full-
      time employment, unless the probation officer excuses you from doing so. If
      you plan to change where you work or anything about your work (such as your
      position or your job responsibilities), you must notify the probation officer at
      least 10 days before the change. If notifying the probation officer at least 10
      days in advance is not possible due to unanticipated circumstances, you must
      notify the probation officer within 72 hours of becoming aware of a change or
      expected change.[5]**

---

[4] New alleged violation not contained in the original violation report.
[5] New alleged violation not contained in the original violation report.

Ric Meczywor
Violation Report

C

On October 8, 2018, Mr. Meczywor quit his employment and is currently unemployed.

19.  **MOST SERIOUS GRADE OF VIOLATION:**                                    **Grade B**

20.  **CRIMINAL HISTORY CATEGORY:**                                            **III**

21.  **SENTENCING OPTIONS:**

**THE POLICY STATEMENTS REFLECTED IN CHAPTER 7 OF THE UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL ARE MERELY ADVISORY AND THE SENTENCING COURT IS NOT "DEPARTING" FROM ANY BINDING GUIDELINE WHEN IT IMPOSES A SENTENCE OUTSIDE THE RANGE RECOMMENDED BY THE POLICY STATEMENTS.  FURTHER, THE COURT IS UNDER NO OBLIGATION TO PROVIDE NOTICE TO THE PARTIES OF ANY INTENT TO IMPOSE SENTENCE OUTSIDE THE RECOMMENDED RANGE.  U.S. V. BURDEX, 100 F.3D 882 (10TH CIR. 1996).**

**Custody**

22.  **Statutory Provisions:**  The maximum term of imprisonment that can be imposed upon revocation of supervised release for a Class D Felony is 2 years.  18 U.S.C. § 3583(e)(3).

23.  **Policy Statements:**  Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.  Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of probation or supervised release.  § 7B1.3(a).

24.  Based on a Grade B violation and a criminal history category of III the imprisonment range is 8 to 14 months.  § 7B1.4(a).

25.  Where the minimum term of imprisonment is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), § 7B1.3(c)(2).

**Official Detention Adjustment**

26.  Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections 7B1.3(b), (c) and (d) by the amount of time in official detention that will be credited toward service or the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.  §7B1.3(e)

27.  In this case a sentence of imprisonment upon revocation does not need to be adjusted.

5

Ric  Meczywor
Violation Report

### Supervised Release

28.  **Statutory Provisions:**  The maximum term of supervised release that can be reimposed for a Class D Felony is three (3) years, unless otherwise noted.  18 U.S.C. § 3583(b)(2). However, if supervised release is reimposed such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  18 U.S.C. § 3583(h).

29.  **Policy Statements:**  Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  §7B1.3(g)(2).

### Potential Conditions of Supervision

30.  The following conditions may be appropriate if the Court determines further supervision in this case is appropriate.  In addition to the standard conditions of supervision adopted by the Court, as well as the following mandatory and special conditions of supervision, the Court may find other conditions applicable given the nature of the offense, the defendant's background, the need to provide deterrence to criminal conduct, protection of the public and treatment or training purposes.

### Mandatory Condition(s) of Supervision

31.  You must not commit another federal, state, or local crime.

32.  You must not unlawfully possess a controlled substance.

33.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Special Condition(s) of Supervision

34.  You must successfully participate in and successfully complete an approved program for substance abuse, which may include urine, breath, or sweat patch testing and/or outpatient treatment, and share in the costs based on the ability to pay, as directed by the Probation Office. You must abstain from the use and possession of alcohol and other intoxicants during the term of supervision.

35.  You must immediately provide the probation officer with access to any and all requested financial information, to include executing any release of information forms necessary for the probation office to obtain and/or verify said financial information.

36.  You must participate as directed in a cognitive behavioral program, which may include MRT, as approved by the United States Probation and Pretrial Services Office. You must

Ric  Meczywor
Violation Report

contribute toward the cost of any program, to the extent you are financially able to do so, as determined by the U.S. Probation Officer.

37.    You must not incur new credit charges or open, or attempt to open, additional lines of credit, without the prior approval of the probation officer.  You must also execute any release of information forms necessary for the probation officer to monitor your compliance with the credit restrictions.

38.    Upon completion of the term of confinement imposed at sentencing, you must reside in a residential reentry center for a term of up to 120 days, in the community corrections component, and allowing for work release.  You must comply with the policies and procedures of the residential reentry center.

39.    You must submit your person, house, residence, vehicle(s), papers, business or place of employment and any property under your control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation.  You must warn any other residents that the premises may be subject to searches pursuant to this condition.

**Unsatisfied Conditions of Original Sentence**

40.    A $10,279.26 restitution and special assessment was ordered in this case.  To date, Mr. Meczywor has paid $0 toward this restitution and special assessment balance.  He has an unpaid balance owed of $ $10,279.26.

Respectfully submitted,

Valerie L. Allen
U.S. Probation Officer

Reviewed by,

Brooke M. Paulson
Supervising U.S. Probation Officer